C.J. STANCIL, d/b/a Something Special, Plaintiff–Appellant,

v.

Cora FAIR, Defendant–Respondent.

No. 17154.

Missouri Court of Appeals,
Southern District,
Division One.

July 11, 1991.

Jim S. Green, Sikeston, for plaintiff-appellant.

No appearance for defendant-respondent.

PREWITT, Presiding Judge.

Plaintiff initially received judgment for $1,031.98. Defendant requested trial de novo and after nonjury trial judgment was entered in favor of defendant denying plaintiff recovery.

Plaintiff appeals, contending that the trial court erred as the evidence was undisputed that defendant purchased goods on account from plaintiff which have not been paid. Defendant has not filed a brief or otherwise appeared here.

■ Review is under Rule 73.01(c). As that rule is interpreted, this court is to sustain the judgment unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Thomas v. Depaoli*, 778 S.W.2d 745, 747 (Mo.App.1989). Due regard shall be given to the opportunity of the trial court to determine the credibility of witnesses. Rule 73.01(c)(2). Fact issues upon which no specific findings are made are considered as having been found in accordance with the result. Rule 73.01(a)(2).

Plaintiff testified that certain goods were sold to defendant and in her testimony defendant confirmed this. The only dispute at trial was whether defendant agreed to pay interest at 1–1/2 percent per month or 18% per annum. See § 408.100, RSMo 1986. Defendant denied there was an agreement regarding interest. She testified that she owed $553 for goods purchased from plaintiff in direct examination by her attorney and by responding to plaintiff's attorney, "I owe the balance of $553."

■ The trial court made no findings of fact so this court must conclude that it found for the defendant on the interest question. However, as defendant admitted owing $553, any different finding is contrary to the law and evidence. As there was no agreement on interest, plaintiff is entitled to interest at the rate of nine percent per annum as provided in § 408.020, RSMo 1986 and § 408.040, RSMo Supp. 1990.

The judgment is reversed and the cause remanded to the trial court with directions that it enter judgment in favor of plaintiff for $553 with interest as provided in § 408.-020, RSMo 1986 and § 408.040, RSMo Supp.1990.

CROW and PARRISH, JJ., concur.