WORLDCOM, INC., f/k/a LDDS
Communications, Inc.,
Appellant,

v.

NUVIEW WINDOW OF ST. LOUIS
INC., Respondent.

No. 71025.

Missouri Court of Appeals,
Eastern District,
Division Five.

Feb. 25, 1997.

Craig A. Sullivan, St. Louis, for appellant.

David T. Hamilton, St. Peters, for respondent.

CHARLES B. BLACKMAR, Senior Judge.

The plaintiff is a provider of long distance services. It sued to recover allegedly unpaid charges of $80,094 for services provided to the defendant. The defendant's answer admitted the defendant's corporate status but denied substantially everything else in the petition.

The plaintiff then filed a motion for summary judgment, attaching a summary of charges and payments to the defendant's account from April 30, 1992 through July 2, 1995, showing $80,094.61 due as of the latter date. The motion was accompanied by an affidavit of Gary Holland, the plaintiff's Director of Accounts Receivable. The trial court entered summary judgment as prayed, with interest at the rate of 18% per annum. The defendant appeals. We conclude that the judgment must be reversed and the case remanded.

The defendant in its first point argues that "the trial court could not find that the charges for long distance telephone services were reasonable because the record contained no evidence that the rates ... had been approved by the Missouri Public Service Commission." The defendant also made the valid point that Holland's affidavit did not demonstrate that he was an expert on the reasonableness of rates. The plaintiff responded that Holland's affidavit stated that the rates were reasonable and that the burden was on the defendant to question his opinion on the point. The affidavit also suggests that the defendant has the burden of establishing that the rates were not approved by appropriate authorities.

We conclude that the affidavit and other materials accompanying the motion for summary judgment do not show that the plaintiff is entitled to judgment as a matter of law. The plaintiff might be able to show in motion documents that the rates had been approved by regulatory agencies, or that the defendant had been advised of the basis for the charges before they were incurred. If the affidavit established a sufficient contractual basis for liability then the plaintiff might argue that the defendant had the burden of pleading and proving "illegality," pursuant to Rule 55.08. But the affidavit submitted is silent as to the basis for the charges, and Holland's affidavit did not conclusively establish that the rates were reasonable. The drafting of a proper motion for summary judgment requires painstaking care, because the motion must establish that there are no material issues of fact. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 378 (Mo. banc 1993). The plaintiff might very well be able to prepare affidavits which meet the summary judgment standard, but it has not done so in the present submission.

The defendant also protests the award of interest at the rate of 18% per annum, rather than the statutory rate of 9%. It cites *Stancil v. Fair,* 811 S.W.2d 503 (Mo. App.1991) for the proposition that an award of interest in excess of the statutory rate requires express justification. *Id.* at 504. This point also is well taken. The plaintiff's only explanation is that interest charges on its exhibit were calculated at the rate of 18%, suggesting that the defendant should enter into discovery or plead an affirmative defense so as to challenge the 18% rate. This argument puts the cart before the horse. It is up to the plaintiff to justify its extraordinary interest charges. It has not done so on the record before us.

In reversing we express a note of caution. If the plaintiff is able to establish its claim, there is authority from the Public Service Commission to assess attorneys' fees and expenses. If it appears that the defendant's resistance to proper charges is found to constitute unreasonable harassment or is attempted for purposes of delay, the court may impose sanctions under Rule 55.03(c). The general denials in the defendant's answer raise questions of compliance with Rule 55.03(c), when the record shows a course of dealing extending back several years.

The judgment is reversed and the case is remanded for further appropriate proceedings.

AHRENS, C.J., and CRANDALL, J., concur.