NO. 07-99-0122-CR

NO. 07-99-0133-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 18, 2000

______________________________

LENORA ELIZABETH HOLLAND, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 181
ST
 DISTRICT COURT OF POTTER COUNTY;

NOS. 31,783-B AND 32,587-B; HONORABLE MARVIN MARSHALL, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

On June 9, 1993, appellant Lenora Elizabeth Holland pled guilty to two counts of forgery and was given a five-year suspended sentence with a $1000 fine.  After numerous motions to revoke were denied, appellant’s probation was finally revoked on March 8, 1999, and she was ordered to serve her original five-year sentence in the Institutional Division of the Department of Criminal Justice and pay her original fine.  From this revocation, appellant has timely appealed.

Appellant’s appointed attorney has filed a motion to withdraw, together with an 
Anders 
brief.  
See Anders v. California
, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).  In that brief, he certifies that after careful examination of the record, he has concluded that appellant’s appeals are without merit.  Along with his brief, he has attached a copy of a letter sent to appellant informing her of his decision to file an 
Anders
 brief and of the right to appeal pro se.  In considering federal constitutional concerns in matters of this type, we face two interrelated tasks as we consider counsel’s motion to withdraw.  We must first satisfy ourselves that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client’s appeal and then we must determine whether counsel has correctly concluded  the appeals are frivolous.  
See McCoy v. Court of Appeals of Wisconsin
, 486 U.S. 429, 442, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988); 
High v. State
, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).

We have made an independent examination of the record to determine whether there are any arguable grounds which might support the appeals.  
See Stafford v. State
, 811 S.W.2d 503, 511 (Tex.Crim.App. 1991).  Finding none, we are in agreement with counsel that the appeals are without merit and are therefore frivolous.  
Currie v. State, 
516 S.W.2d 684 (Tex.Crim.App. 1974); 
Lacy v. State, 
477 S.W.2d 577, 578 (Tex.Crim.App. 1972).

Accordingly, the motion to withdraw is granted and the judgments are affirmed.

Per Curiam

Do not publish.